UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SARALA NAIR, | |
| Plaintiff, | |
| | Case No. 25-cv-12411 |
| v. | |
| | Honorable Robert J. White |
| DELTA AIR LINES, INC., | |
| Defendant. | |

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

I.    <u>Introduction</u>

Sarala Nair commenced this personal injury action against Delta Air Lines, Inc.  The complaint alleges that items fell from an airplane's overhead bin and struck Nair in the head while Delta flight personnel assisted another passenger with storing their luggage.

Before the Court is Delta's motion to dismiss the complaint, or in the alternative, for summary judgment. (ECF No. 6).  Nair responded in opposition. (ECF No. 7).  Delta filed a reply. (ECF No. 8).  The Court will decide the motion without a hearing pursuant to E.D. Mich. LR 7.1(f)(2).  For the following reasons, the motion is granted.

II.    <u>Background</u>

    *A.    Factual History*

On February 3, 2023, Nair boarded Delta Flight 98 at Detroit-Metro Airport for service to Mumbai, India with a stopover in Paris, France. (ECF No. 6-2, PageID.77, ¶ 6, PageID.81). Her flight from Paris to Mumbai was scheduled to arrive on February 5. (ECF No. 6-2, PageID.77, ¶ 6, PageID.81). During boarding, Delta personnel assisted another passenger with storing items in an overhead bin. (*Id.*, PageID.79; ECF No. 7, PageID.57). A bag fell out of the bin and struck Nair in the head. (ECF No. 6-2, PageID.79). After a doctor evaluated her condition, the flight's captain determined that she required medical attention. (*Id.*). Nair deboarded the plane at the gate and was transported to the hospital for treatment. (*Id.*). The complaint alleges that she suffered injuries to her "skeletal, nervous, cardiovascular and/or musculoskeletal systems, and injuries to the muscles tendons, ligaments, nerves, bones and tissues of her head, back, neck, an/or other parts of her body . . ." (ECF No. 1-2, PageID.22).

    *B.    Procedural History*

Nair filed this lawsuit in Wayne County Circuit Court initially. (ECF No. 1-2, PageID.19-23). The complaint asserts a single count of negligence. (*Id.*, PageID.20-23, ¶¶ 5-19). Delta timely removed the action to the United States District Court for the Eastern District of Michigan, asserting that Nair's claim arises under an

international treaty – the Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, S. Treaty Doc. No. 106-45 (2000) (the "Montreal Convention"). (ECF No. 1, PageID.4). Delta now moves to dismiss the complaint, or in the alternative, for summary judgment on timeliness grounds.[1] (ECF No. 6).

III.   Legal Standards

A moving party is entitled to summary judgment where the "materials in the record" do not establish the presence of a genuine dispute as to any material fact. Fed. R. Civ. P. 56(c). All the evidence, along with all reasonable inferences, must be viewed in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

IV.   Analysis

    *A.   The Montreal Convention*

---

[1] Although Delta seeks alternative forms of relief – Rule 12(b)(6) dismissal or summary judgment pursuant to Rule 56 – the Court will treat the motion as one for summary judgment because this opinion and order considers "matters outside the pleadings." Fed. R. Civ. P. 12(d); *see also Garner v. City of Memphis*, 576 F. App'x 460, 461 (6th Cir. 2014) (treating a motion seeking Rule12(b)(6) dismissal, or in the alternative summary judgment, as one exclusively seeking summary judgment because the district court "relied on and cited the parties' attached affidavits"); *Engleson v. Unum Life Ins. Co. of Am.*, 723 F.3d 611, 616 (6th Cir. 2013) (stating that Rule 12(b)(6) "is generally an inappropriate vehicle for dismissing a claim based upon a statute of limitations.").

The Montreal Convention is a multilateral treaty that provides a "modernized uniform liability regime for international air transportation." Letter of Submittal, S. Treaty Doc. No. 106-45, 1999 U.S.T. LEXIS 175, at *14.  The Convention "applies to all international carriage of persons, baggage or cargo performed by aircraft for reward." Montreal Convention, ch. I, art. 1, § 1.  It defines "international carriage" as:

> any carriage in which, according to the agreement between the parties, the place of departure and the place of destination, whether or not there be a break in the carriage or a transhipment, are situated either within the territories of two States Parties, or within the territory of a single State Party if there is an agreed stopping place within the territory of another State, even if that State is not a State Party.

*Id.*, art. 1, § 2.  The United States, France, and India are all parties to the Convention. International Civil Aviation Organization, https://www.icao.int/sites/default/files/ secretariat/legal/CurrentListofParties/Mtl99_EN.pdf (last accessed Dec. 1, 2025).

The treaty's operative provision is Article 17, § 1.  It assigns strict liability to carriers "for damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking." Montreal Convention, ch. III, art. 17, § 1; *see also Doe v. Etihad Airways, P.J.S.C.*, 870 F.3d 406, 409 (6th Cir. 2017).  An Article 17, § 1 "accident" is defined as "an

4

unexpected or unusual event or happening that is external to the passenger." *Etihad Airways*, 870 F.3d at 433; *see also Air France v. Saks*, 470 U.S. 392, 405 (1985).

The Convention also imposes a two-year statute of limitations. Montreal Convention, ch. III, art. 35, § 1. The limitations period accrues from "the date of arrival at the destination, or from the date on which the aircraft ought to have arrived, or from the date on which the carriage stopped." *Id.*

### B.   *Application of the Convention's Statute of Limitations*

Delta's Passenger Name Record ("PNR") indicates that Nair boarded Delta Flight 98 in Detroit, Michigan bound for Paris, France on February 3, 2023. (ECF No. 6-2, PageID.81). Her itinerary reflects an intended stopover in Paris with connecting travel on Delta Flight 8705 to Mumbai, India. (*Id.*). Delta Flight 8705 was scheduled to arrive in Mumbai on February 5. (*Id.*).

But Nair never made it Mumbai, or Paris for that matter. The PNR shows that Delta personnel removed her from Flight 98 on February 3, while the plane remained parked at the departure gate in Detroit-Metro Airport. The PNR reads:

> PAX WAS SEATED IN 55C // A BAG FROM OVERHEAD BIN FELL ON HER HEAD // WAS CHECKED BY A DOCTOR ON THE FLIGHT AND DECISION WAS MADE BY CAPTAIN THAT PAX NEEDED TO SEE EMS FOR FULL EVALUATION // DTW/03FEB/GATE PAX WAS TRANSPORTED TO THE HOSPITAL //

(ECF No. 6, PageID.79).

According to the Montreal Convention, the latest accrual date for calculating the applicable limitations period is February 5, 2023 – the date Nair was supposed to arrive in Mumbai. Montreal Convention, ch. III, art. 35, § 1.  So she had until February 5, 2025 to commence this lawsuit.   Because Nair instead filed her complaint in Wayne County Circuit Court on June 20, 2025 – over four months later – this action is untimely. (ECF No. 1).

C.    *Response to Nair's Arguments*

Nair contests this outcome on several fronts.  She first argues that Delta's summary judgment motion is premature under Federal Rule of Civil Procedure 56(d) because she did not have a sufficient opportunity to conduct discovery into the statute of limitations question. (ECF No. 7, PageID.165).  But since Nair fails to "clearly explain" her "need for more discovery" there is no basis to postpone deciding the current motion and direct the parties to conduct further discovery. *Unan v. Lyon*, 853 F.3d 279, 293 (6th Cir. 2017) (cleaned up); *see also* 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2740 (4th ed. Sep. 2025 Update) (stating that Rule 56(d) "will not be liberally applied to aid parties who have been lazy or dilatory").

Next, Nair maintains that her state law negligence claim falls outside the Convention's scope because her injuries did not result from an Article 17, § 1

"accident." (ECF No. 7, PageID.162-64).   This approach misconceives how the Montreal Convention works.

Article 29 specifically provides that "[i]n the carriage of passengers" the Convention is the exclusive mechanism for recovering "damages, *however founded*, whether under this Convention or in contract or *in tort or otherwise*." (Emphasis added).  Federal courts – including the United States Court of Appeals for the Sixth Circuit – interpret this language to mean that the Montreal Convention "provide[s] international air passengers" with the "exclusive remedy for claims governed by that treaty." *Etihad Airways*, 870 F.3d at 412.  Article 29's import is clear: the Montreal Convention provides the sole remedy for personal injury claims arising from injuries sustained during international air travel, regardless whether those injuries stem from an Article 17, § 1 "accident."  So if Nair's injuries did not result from an "accident" (as she purports), then not only are her damages unrecoverable under Article 17, § 1, they are not recoverable altogether.

At any rate, Nair overlooks a substantial body of precedent holding that falling items from an airplane's overhead bin qualifies as an Article 17, § 1 "accident." *See, e.g., Lee v. Air Canada*, 228 F. Supp. 3d 302, 311 (S.D.N.Y. 2017) (holding that "[b]ecause another passenger's bag falling onto an unsuspecting passenger's head was an unexpected or unusual event that was external to her . . . the circumstances in this case constitute an 'accident' pursuant to Article 17 of the Montreal

Convention."); *Maxwell v. Aer Lingus Ltd.*, 122 F. Supp. 2d 210, 213 (D. Mass. 2000) (same).  Her personal injury claim is, therefore, subject to the Montreal Convention either way.

Lastly, Nair appears to argue that the Montreal Convention does not preclude her state law negligence claim because she "purely" seeks damages for emotional injuries. (ECF No. 7, PageID.164-65) (stating that "a claim for purely psychological injury is outside the Convention's scope, and a plaintiff could bring a claim under local law.").  This theory is flawed in two respects.

Regarding the interplay between the Convention and state negligence law, Nair falls victim to the same misunderstanding as before.  Granted, standalone emotional injuries, unaccompanied by physical harm, are not compensable under the Convention. *See Etihad Airways*, 870 F.3d at 417-18 ("What the plain text of Article 17(1) also makes clear is that a passenger cannot recover damages for mental anguish if there is no requisite accident or if the accident does not cause a bodily injury."); *see also Eastern Airlines v. Floyd*, 499 U.S. 530, 552 (1999) (interpreting the Montreal Convention's precursor – the Warsaw Convention – to preclude a cause of action "when an accident has not caused a passenger to suffer death, physical injury, or physical manifestation of injury.").  But that obstacle does not mean Nair may alternatively proceed under state negligence law.  Rather, she cannot move forward on any legal theory *whatsoever*.

8

Nair also disregards her own factual allegations. The complaint seeks compensation for both physical *and* emotional injuries – not emotional injuries alone. (ECF No. 1-2, PageID.22, ¶ 15). And the Montreal Convention permits the recovery of "damages for both physical injury and accompanying emotional or mental harm." *Etihad Airways*, 870 F.3d at 409. So Nair's request for emotional damages in no way removes her substantive claim from the Montreal Convention's exclusive ambit.

Because the Convention affords the only avenue for Nair to recover the damages she sustained aboard Delta Flight 98, and since she commenced this action more than two years later, her claim for personal injuries is now time-barred. Accordingly,

IT IS ORDERED that Delta's motion for summary judgment (ECF No. 6) is granted.

Dated: December 2, 2025          s/ Robert J. White
                                 Robert J. White
                                 United States District Judge